## The People v. Edward L. Smith.

*Criminal law : Examination : Motion to quash.* Where one, upon being arraigned upon an information, moves to quash, on the ground that he has never been examined, or waived it, and no evidence taken upon examination, has been certified or returned to the clerk, it is error to permit the filing then, as such evidence, of minutes purporting to have been taken by the examining magistrate on an examination of the defendant, but which were not signed by the witnesses; this defect in the supposed depositions is an essential one, and the information should be quashed.

*Heard October 9. Decided October 15.*

25 MICH.—63.

Exceptions from Clinton Circuit.

*Dwight May, Attorney General,* for the People.

*Spaulding & Cranson* and *S. Hoyt,* for the defendant.

GRAVES, J.

This cause comes before the court on exceptions after verdict and before judgment, according to the provisions of *Comp. L., ch. 197.*

The information is founded on *Comp. L.,* § *5771,* and charges the defendant with embezzlement in his office of township treasurer. On being required to plead in the court below, the defendant moved to quash the information, on the ground, among others, that he had neither been examined, nor had waived his right to an examination on the offense charged.

It being then made to appear, as the record shows, that no evidence taken upon examination, had been certified or returned to the clerk, the prosecuting attorney asked leave to then file what he claimed to be the evidence which had been taken on the defendant's examination. This application was granted against the defendant's objection, and the prosecuting attorney then caused to be filed, as such evidence, minutes purporting to have been taken by the examining magistrate, on an examination of defendant. There is no pretense that there were any other memorials of the evidence on the examination, and these were not signed by the witnesses. But, on the filing of these, the court denied the motion to quash, and required the defendant to plead, and he now objects that these proceedings were erroneous, and in this, I think he is correct.

The statute requires that the evidence given by the several witnesses examined in such cases, after arrest, shall be

reduced to writing by the magistrate, or under his direction, and "shall be signed by the witnesses respectively." —*Comp. L.*, § *5992*, as amended in 1863 (*Sess. L. 1863, p. 307*). This is an important regulation, and vitally concerns the rights of persons prosecuted by information.

The right to proceed in this way, instead of by indictment, supposes the person charged, to have undergone an examination, substantially as prescribed by law, unless he has waived it (*Sess. L. 1859, p. 391*); and here there was neither such an examination, nor a waiver of the right to one. The supposed depositions were defective in an essential particular. The fault was one of substance. In not being signed by the witnesses, the law requiring them to be signed was disregarded, and they stood without legal authentication, and, as a basis for the other proceedings, were mere hearsay. It is quite unnecessary to enlarge upon the point, or to go into other questions raised by the record. I think it should be certified to the court below, as the judgment of this court, that the verdict be set aside, and the information quashed.

The other Justices concurred.