## STATE *v.* HIRAM L. HOVER.

### *Criminal Law. · Insurance Agent. Pleading.*

An information under the statute,—No. 46 s. 3, Acts of 1884; R. L. s. 3615,—charging an agent with receiving risks for insurance in behalf of a foreign insurance company, which has not complied with the statute, is bad on demurrer, unless the name of the party assured is alleged.

INFORMATION filed by the state's attorney in the municipal court for the village of Bennington, July, 1885. The respondent filed a demurrer, which was overruled. It was alleged in the information that the respondent "did solicit or receive a risk or application for insurance, as agent for the American Mutual Life and Accident Association of South Bend, in the State of Indiana, a corporation or insurance company, established by the laws of the State of Indiana, and not authorized to do business in the State of Vermont, and did then and there receive money or value for such insurance by the said American Mutual Life and Accident Association, contrary to the form, force, and effect," etc.

Section 3 of the Acts of 1884 is: "If any person, as agent for an insurance　*　*　*　*　company, which has not complied with the requirements of section one of this act, shall solicit or receive a risk or application for insurance, or receives money or value for such insurance by such company　*　*　*　*　he shall be subject to a fine of not less than one hundred dollars."

*State's Attorney,* for the State.

In indictments and complaints for misdemeanors created by statute it is sufficient to charge the offense in the words of the statute. *State* v. *Paddock,* 24 Vt. 315.

The information sets forth the offense with sufficient strictness and certainty and the respondent was not, as a matter of legal right, entitled to any further specification of

the crime for which he was tried. *State* v. *Bridgman*, 49 Vt. 202.

Again, if the respondent had any doubt as to what the particular charge was against him, the court would have ordered a more minute specification as to what particular offenses were relied upon, so that he would be in nowise harmed or misled.

The respondent, on hearing before the municipal court, did not indicate the defect complained of. Had he done so, the defect, if any such there was, would have been promptly remedied.

*J. G. Martin* and *J. C. Baker*, for the respondent.

This statute imposes a penalty of from $100 to $500 for soliciting or receiving a risk or application for insurance under circumstances set forth in the statute. To solicit a risk is an offense. To receive an application is a distinct offense. Either of these calls for the punishment denounced by the statute. The information alleges that this respondent did one or the other of these unlawful things, but it does not, in any manner, indicate which, and the information is insufficient for that cause. 1 Bish. Cr. Proc. ss. 325, 585; *State* v. *Moran*, 40 Me. 129; *State* v. *Woodward*, 25 Vt. 616.

The information is wholly silent as to whether the American Mutual Life and Accident Association had complied with sec. 1, of said Act. The very first clause of sec. 3, of No. 46, of the Acts of 1884, makes the unlawfulness of the thing done depend upon this fact, and it must be alleged or the information is insufficient. 1 Bish. Cr. Proc. ss. 513, *a*, 631, *et seq.; State* v. *Day*, 3 Vt. 138; *State* v. *Northfield*, 13 Vt. 565.

The opinion of the court was delivered by

TAFT, J. The information is defective in not alleging the name of the person from whom the respondent solicited or

received the risk or application for insurance. It is like a complaint charging an assault without naming the person assaulted, or an adultery, without naming the *particeps criminis*. The respondent should know what act he is called upon to defend; the rules of good pleading require that it should be stated in the information. There is no occasion to pass upon any other question in the case. Exceptions and demurrer sustained. Information adjudged insufficient.

Judgment reversed and respondent discharged.