## The People v. Michael Brock.

*Criminal law—Preliminary examination—Failure of witness to sign deposition.*

Respondent was informed against for a felony, and moved to quash the information on the ground that the deposition of the principal witness, taken by the examining magistrate, was not signed; which motion was denied, and respondent convicted.

*Held*, that the case is ruled by *People v. Smith*, 25 Mich. 497; *People v. Chapman*, 62 Id. 280; and *People v. Gleason*, 63 Id. 626; and that the conviction must be set aside, and the respondent discharged, for want of a preliminary examination, but without prejudice to new and further proceedings against him for the crime charged.

Exceptions before judgment from the superior court of Grand Rapids. (Parrish, J.) Argued January 27, 1887. Decided February 3, 1887.

Information for assault with intent to do great bodily harm less than the crime of murder. Respondent was con-

victed. Reversed. Respondent discharged, but without prejudice to further proceedings for the crime charged. The facts are stated in the opinion.

*Emil A. Dapper* (*Birney Hoyt,* of counsel), for respondent.

[Counsel cited the cases cited in the opinion.—REPORTER.]

*Moses Taggart,* Attorney General, for the People.

MORSE, J. The respondent was arraigned in the superior court for the city of Grand Rapids upon an information charging him with having committed an assault upon one John Bork with the felonious intent to do great bodily harm less than murder.

Before the commencement of the trial, he, by the leave of the court, withdrew his plea of not guilty, which had been entered *pro forma;* and his attorneys moved the court to quash the information on the ground that the respondent had never had a preliminary examination, or waived such examination, as provided by law, and that the witness claimed to have been examined upon an alleged examination did not sign his evidence given upon such examination.

The motion was overruled, and the respondent required to plead, and, thus constrained, he pleaded not guilty. The trial then proceeded, and he was convicted upon such trial of the offense charged in such information. The case is brought here upon exceptions before judgment, under the statute.

The verdict must be set aside, and the respondent discharged. The record shows that, upon the examination of said John Bork, the principal witness against the respondent, in the police court of the city of Grand Rapids, and the only witness whose testimony upon such examination appears in the record, the said Bork did not sign his testimony, so given in the said police court, as required by the positive terms of the statute.

The case is governed by the previous decisions of this Court. *People v. Smith*, 25 Mich. 497; *People v. Chapman*, 62 Id. 280; *People v. Gleason*, 63 Id. 626.

It is not necessary to consider the other errors alleged to have occurred on the trial. The respondent is discharged because he has had no preliminary examination, or waived the same; but this discharge will not prejudice new and further proceedings against him for the crime charged.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

SHERWOOD, J. I do not think this conviction should be reversed for the cause stated in this opinion, but I concur in the result.