STATE v. EDWIN J. CAMLEY.

OCTOBER TERM, 1894.

*Indictment for perjury. Stenographer may read testimony of former trial.*

1.  An indictment in accordance with No. 29, Acts of 1890, "An act to simplify indictments for perjury," is sufficient.

2.  The testimony of the respondent upon the former trial, in which it is alleged that the perjury was committed, may be read as evidence by the stenographer who took it.

Indictment for perjury. Heard upon demurrer to the indictment at the March term, 1894, Washington county, TYLER, J., presiding. Demurrer overruled. The respondent excepts. Exceptions ordered to lie. The respondent

thereupon plead not guilty, and a trial by jury was had at the same term. Verdict guilty. The respondent excepts.

The indictment was as follows :

"Be it remembered, that at a county court begun and holden at Montpelier, within and for the county of Washington, on the second Tuesday of September, in the year of our Lord one thousand eight hundred and ninety-three, the grand jurors within and for the body of the county of Washington aforesaid, now here in court duly empanelled and sworn, upon their oath present that Edwin J. Camley, otherwise called Ed. Camley, of Duxbury, in the county of Washington aforesaid, on the eighteenth day of October, in the year of our Lord one thousand eight hundred and ninety-two, appeared and testified as a witness in a prosecution in which the State of Vermont and W. Henry Pixley were parties, the said prosecution then and there being heard and tried before the county court within and for the county of Washington aforesaid, at a term thereof begun and held at Montpelier aforesaid on the second Tuesday of September, in the year of our Lord one thousand eight hundred and ninety-two, the said county court then and there being a tribunal of competent jurisdiction ; and that the said Edwin J. Camley, otherwise called Ed. Camley, then and there before said county court being sworn to tell the whole truth and nothing but the truth, relative to the said prosecution then and there being tried, then and there committed the crime of perjury, and then and there falsely testified in answer to interrogatories substantially as follows :

"Question. Whereabouts do you live and did you live last April? Answer. In Stowe.

"Q. With your brother, Will Camley? A. Yes, sir."

[Here is set forth in the form of questions and answers the stenographic transcript of the testimony.]

"Which said testimony was material to the issue then and there pending in said prosecution, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

*George W. Wing* and *W. A. Lord* for the respondent.

The indictment is insufficient. This being a common law crime, not defined by statute, it can only be charged by the

use of those words and terms which the common law has designated as apt thereto.

Neither that the respondent was sworn, nor the falsity of his testimony nor its materiality are set forth. *State* v. *Smith*, 63 Vt. 201 ; *State* v. *Hodgson*, 66 Vt. 151 ; R. L., s. 689 ; *State* v. *Fiske*, 66 Vt. 437 ; *Rex* v. *Horne*, Cowper 672 ; *State* v. *Jones*, 33 Vt. 443 ; *State* v. *Cook*, 38 Vt. 439 ; *State* v. *Daley*, 41 Vt. 564 ; *State* v. *Matthews*, 42 Vt. 542 ; *State* v. *Clark*, 44 Vt. 636 ; *State* v. *Benjamin*, 49 Vt. 101 ; *State* v. *Higgins*, 53 Vt. 198 ; *State* v. *Miller*, 60 Vt. 90 ; *State* v. *Campbell*, 94 Am. Dec. 25 ; *United States* v. *Mills*, 7 Pet. 138 ; *United States* v. *Simmons*, 96 U. S. 360 ; *United States* v. *Carle*, 105 U. S. 611 ; see, also, cases cited in these opinions.

*Zed S. Stanton*, State's Attorney, for the State.

START, J. This cause comes to this court on exceptions taken by the respondent to the overruling of his demurrer to the indictment, and to the admission of certain evidence. The indictment is drawn in compliance with No. 29, of the Acts of 1890, entitled "An act to simplify indictments for perjury," and is sufficient, provided the respondent is informed, with reasonable certainty, of the cause and nature of the accusation against him.

By the indictment the respondent is informed that, on the eighteenth day of October, 1892, he appeared as a witness in a proceeding in which the State of Vermont and W. Henry Pixley were parties, then and there being heard before a tribunal of competent jurisdiction ; that he then and there committed the crime of perjury by testifying, in answer to interrogatories, in substance as is set forth in the indictment ; and that his testimony was material to the issue then and there pending. By these allegations the respondent is informed of the cause and nature of the accusation against him. He is informed that he committed the crime of per-

jury by giving certain testimony set forth in the indictment, before a tribunal of competent jurisdiction, at a certain time and place in a specified cause ; and that his testimony was material to an issue then and there being tried. This is all that is required by the act of 1890 or the constitution. Under this act it was not necessary to allege that the respondent was legally sworn ; that his testimony was false, or that he wilfully testified falsely. These are included in the allegation that he committed the crime of perjury by giving the testimony set forth in the indictment. The word perjury has, by the common law, a well defined legal meaning, and the respondent is charged with knowledge of its meaning ; and when he is informed that he is charged with the commission of the crime of perjury by giving certain testimony, he is sufficiently informed that it is claimed that he was lawfully sworn, that his testimony was false, and that he wilfully and corruptly testified falsely.

In *State* v. *Carson*, 59 Maine 137, under a statute like our own, it is held that an indictment like the one under consideration is sufficient. It is claimed that the crime of perjury is defined by the Maine statute ; that in this state we have no statute defining the crime ; and that for this reason the case under consideration should be distinguished from the case above cited. Perjury as defined by the Maine statute is substantially the same as defined by the common law. There being no statute in this state defining it, we are referred to the common law for its meaning. R. L., s. 689. The common law definition is as binding as it would be if it were a legislative enactment. When the act of 1890 was passed, the common law definition of the crime of perjury was its definition in this state, and the Legislature had the power to provide a form of indictment without further defining its meaning.

For the purpose of showing the materiality of the respondent's testimony upon the issues in the case, in which it was

claimed that he gave false testimony, the court, subject to the respondent's exception, allowed the evidence taken on that trial to be read by the court reporter who took the same. It was permissible to show what the respondent's testimony was in the cause in which it was claimed he testified falsely, and it does not appear that more than this was done. The testimony is not referred to, and there is nothing before us from which we can determine what evidence was read to the jury. Only the respondent's evidence may have been read; we cannot presume that other evidence was read. The testimony of the respondent on the former trial could be shown as well by the court reporter as by any other person. He heard the testimony and had taken it down, and it was not error to allow him to read from his minutes. The respondent was confronted by a witness who was narrating his testimony, given on the former trial. He had a right to cross-examine the witness, and it does not appear that the right was denied.

*Exceptions not sustained; judgment on the verdict; sentence passed, and execution thereof ordered.*