STATE *vs.* FRED BRUCE.

October Term, 1896.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

*Complaint Insufficient.*

A complaint which charges a breach of the peace by "threatening to strike, beat, injure and assault divers and sundry persons," without naming them or alleging that their names are unknown, is bad on general demurrer.

*State* v. *Coffin*, 64 Vt. 25, distinguished.

COMPLAINT for breach of the peace, before the City Court of Barre. Heard upon general demurrer, April 30, 1895. Demurrer overruled. The respondent excepted. The complaint is sufficiently recited in the opinion.

*Richard A. Hoar* for the defendant.

It is not sufficient to charge the offense in the language of

the statute. The complaint must name the persons upon or against whom the acts were committed or threatened. *State* v. *Matthews*, 42 Vt. 542; *State* v. *Hanley*, 47 Vt. 290; *State* v. *Coffin*, 64 Vt. 25.

*Zed S. Stanton*, State's Attorney, for the State.

The complaint is sufficient. It charges a breach of the peace in one of the modes pointed out by the statute and sets forth the acts by which the offense was committed. R. L. 4228; *State* v. *Benedict*, 11 Vt. 236; *State* v. *Matthews*, 42 Vt. 542; *State* v. *Coffin*, 64 Vt. 25.

ROWELL, J. The complaint, which is demurred to, alleges that the prisoner, on such a day, disturbed the peace by "threatening to strike, beat, injure, and assault divers and sundry persons," etc., but does not name any of them nor allege that their names were unknown. It is fundamental in the law of criminal pleading that the name of the person injured, or against or upon whom the offense is committed, must be stated if known. The reason is, that thereby the offense is more certainly identified, and made more specific instead of being left general; the prisoner is better enabled to make his defense, and to plead his conviction or acquittal in bar of another prosecution for the same offense, and to avoid being put on trial for an offense not intended by the indictors. I Bishop New Crim. Proced. § 571; 2 Hawk. P. C. c. 25, s. 71; I Chit. Crim. Law [*213].

Lord Ellenborough says that the convenience of mankind demands, and that in furtherance of that convenience it is the duty of those who administer justice to require, that the charge should be specific, in order to give to the accused notice of what he is to come prepared to defend against. *Rex* v. *Perrott*, 2 M. & S. 379, 386. Suppose the prisoner at the bar to have been engaged in several like affrays on the day and at the place alleged; how is he to know which one this complaint charges him with?

In an information drawn by an eminent pleader a century

ago, for riotously disturbing the peace by breaking into a warehouse where "divers and very many persons were assembled and met together," and there assaulting them, the names of some of the persons assembled are stated, and the names of the others are alleged to be unknown. So for riotously disturbing the peace by breaking into a house and assaulting a lodger, the name of the lodger is stated. II Chit. Crim. Law 502, 503.

*State* v. *Coffin*, 64 Vt. 25, relied upon by the State, is not in point. The acts there alleged as constituting a breach of the peace were not directed against any one in particular, but only against the public generally.

When the name of the person injured is not known, it must be so alleged, to show a reason for not stating it. And the allegation must be true in fact; for if false, it is improper, and will not avail. *Rex* v. *Walker*, 3 Camp. 264, and note; *Commonwealth* v. *Blood*, 4 Gray, 31, 33.

Whether the names of third persons otherwise connected with the offense must be stated, the cases do not agree. I Bishop New Crim. Proced. § 572. In *State* v. *Hover*, 58 Vt. 496, it was held necessary to state the name of the person of whom the prisoner solicited a risk for insurance as agent of a company not authorized to do business in the State.

*Judgment reversed, demurrer sustained, complaint adjudged insufficient and cause remanded.*