## STATE *vs.* I. H. P. ROWELL.

### January Term, 1898.

Present: Ross, C. J., Taft, Tyler, Munson, Start and Thompson, JJ.

*V. S. 5417 form 50—V. S. 444—V. S. 5080—Indictment for perjury.*

An indictment for perjury in violating the provisions of the law in regard to the grand list, following the statutory form, but omitting to aver that the writing was one which the law required to be verified by oath, or to state it in substance that the court might see for itself, but merely quoting the statement claimed to be false, is bad on demurrer.

*State v. Camley*, 67 Vt. 322, distinguished.

The legislature, in prescribing a simpler form of indictment for perjury, did not intend to dispense with the necessity of alleging enough to show the cause and nature of the accusation.

INDICTMENT for perjury. The respondent demurred, and his demurrer was overruled, *pro forma*, and the indictment adjudged sufficient; to which he excepted. He was then ordered to plead over, but without prejudice to his demurrer; and thereupon pleaded, not guilty, and was tried by jury at the March Term, 1897, Washington County, *Rowell*, J., presiding. Verdict, guilty. Exceptions allowed, sentence and execution respited and stayed.

*Geo. W. Wing* and *T. R. Gordon* for the respondent.

The indictment attempts to charge the respondent with the crime of perjury in swearing to material matter in writing signed by him, and follows substantially the form prescribed in V. S. 5417 form 50. It is to be distinguished from a case of common-law perjury, like that charged in *State v. Camley*, 67 Vt. 322. The V. S. 5080, provides that, "A person of whom an oath is required by law who wilfully swears falsely in regard to any matter or thing respecting which such oath is required, shall be guilty of perjury" etc. Under this section the indictment must show that the oath

was required by law. The present indictment has no such allegatiòn. The form used is almost exactly like the one authorized by statute in Maine, under which it has been held that an indictment is bad which omits to state that the oath was required by law. *State* v. *Mace*, 76 Me. 64: *State* v. *Learned*, 47 Me. 426.

It was claimed below that this indictment might have been drawn upon V. S. 444: "A person who wilfully swears falsely in violation of any provisions of this chapter shall be guilty of perjury" etc. If so, the indictment is still more defective, for it does not allege that the respondent was a tax-payer in Montpelier, nor that he made, or was required to make, an inventory, nor does it allege, in the second or third count, that the oath complained of had any connection with an inventory, nor does it allege in any count that the oath was required by law.

The statute does not dispense with the necessity of alleging the essential facts which constitute the crime. *U. S.* v. *Cruikshank*, 92 U. S. 558; *State* v. *Krueger*, 134 Mo. 262; *State* v. *Brandt*, 41 Iowa 608; *U. S.* v. *Ford*, 34 Fed. Rep. 28; *Koster* v. *People*, 8 Mich. 431; *Enders* v. *People*, 20 Mich. 233; *People* v. *Olmstead*, 30 Mich. 431; *U. S.* v. *Staton*, 2 Flipp. C. C., 319; *State* v. *Fiske*, 66 Vt. 434; *State* v. *Miller*, 60 Vt. 90; *State* v. *Higgins*, 53 Vt. 191; *State* v. *Benjamin*, 49 Vt. 101; I. Bish. Crim. Pro. (3d ed.) § 629; *State* v. *Smith*, 17 R. I. 373; *Com.* v. *Child*, 13 Pick. 198; 2 Hawk. P. C. Chap. 25, § 60; *People* v. *Fox*, 25 Mich. 497; *People* v. *Gaige*, 26 Mich 30; Cons. of Vt. Art. 10; *Stofer* v. *State*, 3 W. Va. 693; *Cook* v. *State*, 25 Fla. 699.

*Fred A. Howland*, State's Attorney, for the State.

The indictment follows the statutory form, and is sufficient. It would not be sufficient at common law, but the very purpose of the statute was to do away with the technicality of the common law requirements; and this the legislature had a right to do, subject to the constitutional limitation

that the respondent shall be apprised of the cause and nature of the accusation. This does not mean that he shall be apprised according to the common law of England of 1787. *State* v. *Camley*, 67 Vt. 322; *State* v. *Noakes*, 70 Vt. 247; *Goerson* v. *Com.*, 99 Pa. St. 388; *State* v. *Ah Lee*, 18 Ore. 542. The word, perjury, *ex vi termini*, sufficiently charges the essentials of the crime. *State* v. *Corson*, 59 Me. 137; *State* v. *Casey*, 45 Me. 435; *Com.* v. *Ashley*, 2 Gray 356; *State* v. *Peters*, 107 N. C. 883; *State* v. *Gates*, 107 N. C. 834.

The respondent thus being apprised of the essentials of the crime, it only remains to describe it sufficiently to enable him to prepare his defense. This the indictment does far more definitely than was done in other statutory forms of indictment that have been held good in this State. *State* v. *Comstock*, 27 Vt. 556; *State* v. *Hodgson*, 66 Vt. 135; *State* v. *Noakes*, 70 Vt. 247.

*State* v. *Mace*, 76 Me. 64, does not aid the respondent because that form did not require the setting forth of the matter falsely sworn to, whereas our own statute does, and this indictment follows it.

Our statutes are in imitation of the Acts of Parliament, 23 Geo. II, c. II, (1750) and 1415, Vic., c. 100 § § 20 and 21.

TYLER, J. The question is upon the sufficiency of the indictment, which was intended to charge the respondent with perjury in making oath to his tax inventory, under V. S. 444, which is:

"A person who wilfully swears falsely in violation of any of the provisions of this chapter shall be guilty of perjury, and punished accordingly." The chapter referred to is upon the "Grand List."

The substantial part of the form prescribed by the statute is as follows: *   *   * "the grand jurors upon their oath present that          of          on          before          , then and there having competent authority to administer oaths, committed the crime of perjury, by falsely swearing (or affirming) to material matter in writing, signed by said          , which

material matter is in substance as follows: (*here set out the matter in said writing claimed to be false.*")

It is alleged in the first count in the indictment, that the respondent, before Frederick P. Carleton, who then and there had competent authority to administer oaths, "committed the crime of perjury, by falsely swearing to material matter in writing signed by the said Isaac H. P. Rowell, which said material matter is, in substance, as follows: that he the said Isaac H. P. Rowell, on the said first day of April, in the year 1895, was owing M. C. Murphy of Templeton, in the State of Massachusetts, the sum of twelve hundred and fifty dollars, contrary to the form of the statute."

The second count is like the first down to the averment of the material matter in writing, which is set out as follows: "What amount of debts were you owing on the first day of April, 1895, for which exemption from taxation should be made? State name and residence of creditors. To M. C. Murphy of Templeton, Mass., $1,250.00, contrary," etc.

In the third count the allegation of material matter is, in substance, as follows: "What amount of debts were you owing on the first day of April, 1895, for which exemption from taxation should be made? State name and residence of creditor.

To M. C. Murphy of Templeton, Mass., $1,250.00; to A. J. Stone of Boston, Mass., $800.00; to Marvin & Sherburne of Montpelier, Vt., $150.00; to H. C. Holmes of Montpelier, Vt., $60.00, contrary," etc.

Perjury at common law is defined to be the wilful giving under oath, in a judicial proceeding or course of justice, of false testimony material to the issue or point of inquiry. 2 Bish. New Crim. Law, § 1015. All the definitions in the books contain the requirement that the false swearing be "of some consequence" to the point in question, or "in a matter material to the issue," or "material to a point involved in the proceeding," or use other equivalent terms.

Our statute § 5080, enlarges the common law definition

and extends the crime to other matters than those involved in proceedings in courts of justice, as at common law and by V. S. 5079, and provides that, "A person of whom an oath is required by law, who wilfully swears falsely in regard to any matter or thing respecting which such oath is required, shall be guilty of perjury" * * . Section 444 makes it perjury for a person to swear falsely in violation of the provisions of the chapter therein referred to.

The state's attorney does not claim that the indictment would be sufficient at common law, but insists that the purpose of the statute was to do away with the technicalities of the common law requirements, and that the indictment is in substantial compliance with the form prescribed by the statute.

The only limitation upon the power of the legislature in simplifying the form is, that the indictment shall be so framed as to apprise the respondent of the cause and nature of the accusation against him; but in neither count of this indictment is it alleged that the respondent was a tax-payer in Montpelier; that the writing which contained the material matter, stated in substance, was a tax inventory; nor that the writing nor the material matter contained therein was required by law to be sworn to.

The legislature could only outline the form of an indictment, leaving it for the pleader to set out the substance of the material matter according to the character of the writing itself; but the legislature must have intended that the pleader should set out enough of the substance of the material matter to make it apparent to the court that the writing was one that was required by law to be sworn to. It was not intended that anything should be abated from the right of the person accused to be informed of the cause and nature of the accusation.

In *State* v. *Camley*, 67 Vt. 322, the indictment was for testifying falsely upon a trial in a court of justice. The indictment was there drawn according to a simplified form

prescribed by the legislature, but the matter falsely sworn to was fully set out in questions to and answers by the respondent. That case went no further than to hold that the charge that the respondent committed perjury by giving certain testimony sufficiently informed him that he was lawfully sworn, that his testimony was false and that he wilfully testified falsely.

In Michigan the statute is :   *   *   *   "when a lawful oath is administered by any one that hath authority, to any person in any judicial proceeding, who sweareth absolutely and falsely in any matter material to the issue or cause in question"  *   *   *  . In *People* v. *Fox*, 25 Mich. 497, upon an indictment under that statute, the oath was to an affidavit to be used in court, and it was held that the indictment was not good at common law, and that under the statute it must be alleged that the oath was one required by law ; that the purpose for which the oath was made must be stated.

In *People* v. *Gaige*, 26 Mich. 30, the oath was to a bill in equity, and the indictment was held bad because it was not averred that that the bill was of a character required by law to be verified by oath.

In an indictment where it was alleged that the respondent swore falsely to a certain petition to an excise board; *held* bad because it did not allege that the petition was made,· taken and to be used for any purpose required by law. *State, Ex. Rel. Frederick Heintz* v. *Court of Quarter Sessions*, 45 N. J. L. 523.

While it is not necessary under our present statute and the prescribed form to set out the entire writing, and it is sufficient to state its substance, enough must be stated to give the respondent clear notice of the charge he is called upon to defend against. It is a well settled rule that while it is sufficient, in general, to allege an offense in the words of the statute if they cover every element of the offense charged, in all cases the offense must be set forth with clearness, and with all certainty necessary to apprise the accused of the

crime with which he stands charged. Whart. Cr. Pl. & Pr. (9 ed.) § 220: *U. S.* v. *Mann*, 95 U. S. 580.

The opinion of Mr. Chief Justice Waite upon the sufficiency of the indictment in *U. S.* v. *Cruikshank*, 92 U. S. 542, is thus summarized in the syllabus: "The object of an indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Mr. Justice Clifford remarked in that case: "Offences created by statute, as well as offences at common law, must be accurately and clearly described in an indictment; and, if the offense cannot be so described without expanding the allegations beyond the mere words of the statute, then it is clear that the allegations of the indictment must be expanded to that extent, as it is universally true that no indictment is sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed, so as to bring the accused within the true intent and meaning of the statute defining the offense."

In an indictment for larceny it would not be sufficient to charge that the accused feloniously took and carried away personal property, without describing it or alleging ownership. In *State* v. *Bruce*, 69 Vt. 98, a complaint which charged a breach of the public peace by threatening to strike, beat, injure and assault "divers and sundry persons," without naming them or alleging that their names were unknown, was held bad on demurrer. It was there said that, by stating the names the offense was more certainly identified, and made more specific, instead of being left general; also that it would avoid the risk of the accused being put on trial for an offense not intended by the indictors. The rule is also fully discussed and clearly stated in *State* v. *Fiske*, 66 Vt. 434, and needs no further amplification here.

The new statute and new forms of indictments relieve the pleader of many technicalities of the common law forms, but they do not relieve him from stating the substance of the material matter, and in so stating it, the common law rules in respect to certainty are still applicable. This indictment must be held bad on demurrer because it contains no averment that the writing was one required by law to be sworn to, does not state its substance, nor sufficiently apprise the respondent of the crime with which he is charged.

> *The pro-forma ruling of the court below reversed; demurrer sustained; indictment held insufficient, and quashed.*

