STATE *v.* HENRY WEBBER.

October Term, 1905.

Present: ROWELL, C. J., TYLER, WATSON, HASELTON, and POWERS, JJ.

Opinion filed March 2, 1906.

*Perjury—V. S. 5417, Form 49—Sufficiency.*

An indictment for perjury in the form prescribed by V. S. 5417, form 49, which avers that the respondent "committed the crime of perjury," sufficiently alleges that he was sworn by a person legally qualified to administer the oath; for the word "perjury" implies an oath lawfully administered.

The Legislature may prescribe the form of indictments, providing it does not thereby contravene the constitutional provisions.

The highest degree of certainty is not required in indictments, but the charge must be set forth with such accuracy as will enable the respondent to intelligently prepare to meet it, and, if convicted, to successfully plead his conviction in a subsequent prosecution therefor.

An indictment in the form prescribed by V. S. 5417, form 49, charging perjury before a grand jury, which does not allege the subject-matter of the investigation then being pursued by the grand jury, does not meet the requirement of Article 10 of the Constitution, guaranteeing to an accused the right to demand the cause and nature of the accusation against him.

INDICTMENT for perjury. Heard on demurrer to the indictment at the June Term, 1905, Caledonia County, *Munson,* J., presiding. Demurrer overruled, *pro forma,* and indictment adjudged sufficient. The respondent excepted.

*Taylor & Dutton* for the respondent.

The indictment should have alleged by whom the oath was administered, and show that such person was legally qualified to administer an oath. 2 Bish. New Crim. Proc., § 902; *Merrell* v. *People,* 32 Ill. 499; *Kerr* v. *People,* 42 Ill. 307; *State* v. *Schill,* 27 Iowa 263; *U. S.* v. *Wilcox,* 4 Blatchf. 391.

The indictment is fatally defective in not alleging the subject-matter being investigated by the grand jury. *State* v. *McCone,* 59 Vt. 117; *State* v. *Estabrooks,* 70 Vt. 412; *State* v. *Rowell,* 70 Vt. 405; *State* v. *Dow,* 74 Vt. 119; *State* v. *Ayer,* 40 Kan. 43; *State* v. *Hanson,* 39 Me. 337; *Reg.* v. *Pearson,* 8 Car. & P. 119; *Reg.* v. *Bishop,* 1 Car. & M. 302; *State* v. *Shupe,* 16 Iowa 36; *State* v. *Oppenheimer,* 41 Tex. 82.

*Frank D. Thompson,* State's Attorney, and *David E. Porter* for the State.

It is not necessary to allege that the grand jury were investigating a certain matter. *U. S.* v. *Kimball,* 117 Fed. 156; *U. S.* v. *Brown,* 1 Sawy. 531, Fed. Cas. No. 14671; *U. S.* v. *Reed,* 2 Blatch. 435, Fed. Cas. No. 16134.

POWERS, J. This is an indictment in two counts charging the respondent with perjury before the grand' jury of Caledonia County at its June session, 1905. The indictment and each count thereof is demurred to; and we are called upon

to determine the sufficiency of the statutory form, (V. S. 5417, F. 49), in conformity to which this indictment is drawn.

The first ground of demurrer urged by the respondent is that neither count contains a sufficient allegation that the respondent was sworn before the grand jury by a person legally qualified to administer the oath. The first count is entirely silent on this subject. The second alleges that the respondent was "sworn by and before said grand jury to tell the whole truth," etc. Each count alleges that the respondent "committed the crime of perjury," and under the decision in *State v. Camley,* 67 Vt. 322, 31 Atl. 840, this is all that is required in respect of the respondent's being sworn. A direct averment that he was sworn is not necessary, since the term "perjury," *ex vi termini,* implies an oath lawfully administered. *State v. Corson,* 59 Me. 137; *State v. Peters,* 107 N. C. 876; *State v. Gates,* Ib. at p. 834. And this is so whether the crime charged is common law perjury or statutory false swearing, for in this respect they are essentially the same.

It is further urged that the indictment is fatally defective because neither count specifies the subject-matter of the investigation then being pursued by the grand jury. On this point the Camley case is not authority, for the question was not there involved; and as was pointed out in *State v. Rowell,* 70 Vt. 405, 41 Atl. 430 that decision went no farther than to cover certain elements of the crime itself. The respondent insists that the indictment here and the form prescribed by the statute are insufficient to meet the requirements of the Constitution, and that therefore the Legislature had no authority to establish its sufficiency. The Legislature may simplify and mould the form of indictments at pleasure, provided in so doing it does not contravene the constitutional provisions and leaves enough to meet the constitutional requirements. *State*

v. *Comstock, 27* Vt. 553. But this power of the Legislature is thus limited, and if, as claimed by the respondent, this indictment does not sufficiently apprise him of the cause and nature of the accusation brought against him, as required by Art. 10 of the Constitution of the State, it is fatally defective, notwithstanding the Legislature has declared that such an indictment shall be sufficient. Is it necessary, then, in order to meet this requirement and to sufficiently inform this respondent of the cause and nature of the charge, to specify the matter then under consideration by the grand jury? We think it is. The highest degree of certainty is not required, but the charge must be set forth with such accuracy of circumstance as will apprise him with reasonable certainty of the nature of the same, that he may intelligently prepare to meet it, and if convicted, successfully plead his conviction in a subsequent prosecution therefor. This must not be left to conjecture or inference; it must appear by positive averment. In no other way can a respondent get the full benefit of this salutary provision of the Constitution. It is strongly intimated, though not decided, in *Com.* v. *Pickering,* 8 Gratt. (Va.) 628, that in charging perjury committed before a grand jury, the particular inquiry then before that jury must be set out in the indictment; and it is expressly held in *Com.* v. *Taylor,* 96 Ky. 394, that such allegation is necessary to fully apprise the accused of the nature of the charge against him.

*The pro forma judgment is reversed, the demurrer sustained, the indictment adjudged insufficient and quashed, and the respondent let go without day.*