RUTLAND,
*February,*
1840.

STATE *v.* JOHN DAVIDSON.

It is sufficient if the Foreman of a grand jury indorse over his signature, on the back of a bill found by them, " True Bill."

Held, that an averment, in an indictment, " that at the April term of the county court, 1838, &c., amongst the pleas of said term, a certain issue was duly joined," &c , might be taken as applying to the state of the pleadings at that term, and that a record, showing the issue to have been joined at a preceding term and tried at the April term, supported the averment.

If an indictment contains two counts, and there is a general verdict of guilty, the court will not arrest the sentence of the law, though one of the counts should be insufficient.

THIS was an indictment for perjury, charging, in substance, that, at the term of the county court held at Rutland, within and for the county of Rutland, *on the second Tuesday of April, in the year one thousand eight hundred and thirty eight,* amongst the pleas of the said term, a certain issue was duly joined in said court between Laura Ann Munson and Apollos Hastings, defendant, in a certain action of assumpsit for a breach of promise of marriage, which action, before that time, had been commenced between the parties in that behalf in said court ; that, at the same term of said court, the said issue came on for trial and was then and there tried in due form of law by a jury of the said county of Rutland, duly empannelled and sworn, &c., and that upon said trial John Davidson, of Wells, the respondent, was then and there introduced as a witness in said cause and was sworn &c.; that upon the trial of the said issue, it became and was a material question whether the said Laura Ann was a woman of chaste and virtuous character, &c., that the respondent testified in relation thereto, (setting forth his testimony, which tended to show an illicit intercourse between the said Laura Ann and one Lewis ;) that the testimony of the respondent so given, was false and untrue and that the respondent, in so testifying, committed wilful and corrupt perjury.

There was a second count in the indictment, but, as this court made no decision as to its sufficiency or insufficiency, it is omitted in the statement of the case.

Plea, not guilty.

Upon the back of said indictment was the following indorsement. " True Bill. Wm. L. Farnam, Foreman."

Upon the trial in the county court, the state's attorney offered in evidence an exemplification of the record of the cause, *Laura Ann Munson* v. *Apollos Hastings*, from which it appeared that the pleadings in that suit were closed and an issue joined between the parties at the September term of the county court, 1837, and that a trial was had, in that suit, at the same term, and that afterwards, at the April term, 1838, the cause was again tried upon the *same* pleadings and issue, and that at a subsequent term, there was a third trial of the cause upon the same issue. It appeared, from said record, that there were no other pleadings in the case than the pleas filed at the September term, 1837.

The counsel for the respondent objected to the record and contended that it did not prove the issue stated in the indictment, but did show that the only issue tried at the April term, 1838, was an issue joined by the parties at the September term, 1837. But the court decided that the copy of the record, thus offered, was sufficient proof of the formation and trial of the issue, as stated in the indictment, and admitted the record.

The jury returned a verdict of guilty.

After verdict, the respondent moved in arrest of judgment for the insufficiency of the indictment. But the county court overruled the motion.

The respondent excepted to the decisions of the county court admitting said record and overruling said motion.

*R. Pierpoint and E. L. Ormsbee*, for respondent.

The respondent contends that the second count in the indictment is bad and that no judgment should be rendered thereon, because it does not appear before what court the issue was tried and the respondent sworn.

It does not appear, from any thing alledged in the indictment, that the fact stated as material to the issue, could have been material on that trial.

The respondent also contends that no judgment can be rendered on the verdict, because the indorsement by the grand jury on the bill of indictment, is not conformable to the statute.

The respondent also contends, that the county court erred in deciding that the record produced, proved the issue stated in the indictment ;—

RUTLAND.
February,
1840.

State
v.
Davidson

That the prosecutor, having alledged that an issue was duly joined between the parties, and described that issue, in any way, so as to distinguish it from any other issue that might have been joined between the same parties, in the same cause, it is incumbent on him to prove it as alleged in the indictment, and any variance will be fatal. The indictment alleges that the issue was joined at the April term, 1838, and this is all the distinguishing description of the issue. The record shows but one issue in the cause and that issue joined, and actually tried, at the September term, 1837.

The variance therefore is material and fatal.

*S. Foot, State's Attorney,* for prosecution.

The record of the case of *Munson* v. *Hastings,* shows a trial of that cause at three several terms ; that an issue was joined at the first trial ; that no other than the general issue was made and that that issue was not changed at the subsequent trials.

The showing of a trial is sufficient showing of an issue joined.

The omission of the article " A." in the foreman's indorsement upon the bill, is immaterial. It is not a word signifying any thing of itself, but used only to limit or extend the application of words. The indorsement is as significant and purports the same as well without as with the article, and is a literal interpretation of " *billa vera,*" formerly used. And the omission of the article is no more a variance from the statute form than the misspelling of a word.

The opinion of the court was delivered by

BENNETT, J.—To hold that the indorsement of this bill of indictment, by the grand jury, is insufficient, would indeed be a high degree of refining. The words of the indorsement refer to the bill found by the grand jurors with as much certainty as if the article, A, had been prefixed to the words, " True Bill," and it cannot be important, or of any consequence, that it should be prefixed. If there was any thing in this objection, it might be important to enquire whether such a defect could be reached by a motion in arrest.

It is also claimed that there is a variance between the indictment and proof.

RUTLAND,
February,
1840.

State
v.
Davidson.

It is said that the indictment alleges that the issue was, in fact, joined in the suit of *Laura Ann Munson* v. *Apollos Hastings*, at the April term of the county court, 1838, when the record given in evidence shows that the issue was made up at the September term, 1837. We think the allegations in the indictment do not require the construction claimed by the counsel for the respondent.

The indictment alleges " that amongst the pleas of said term, (viz. April term, 1838,) a certain issue was duly joined in said cause," &c. We think that this averment does not imply the act of joining the issue, in fact, at that term of the court, but rather the state in which the pleadings in the cause were then founed. The parties were then at issue, duly joined. With this construction of the indictment, there is no ground for the objection.

There is no occasion that we should pass upon the second count of the indictment. Upon a general verdict of guilty, if one count in the indictment is sufficient, the prisoner must receive the sentence of the law.

The motion in arrest is overruled and the prisoner takes nothing by his exceptions. The sentence of the law was then pronounced.