LAMORA WHITTIER *v.* F. H. McFARLAND.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and MILES, JJ.

Opinion filed December 4, 1906.

*Divorced Parents—Minor Child—Petition for Custody Under V. S. 2698—Jurisdiction of County Court—Effect of Pending Habeas Corpus Proceeding—Courts—Concurrent Jurisdiction.*

Since the county court at the time of granting a divorce has power to make such orders concerning the care and custody of the minor children as the circumstances require, the effect of V. S. 2698, providing that at any time thereafter, on the petition of either party, that court may make such further or additional orders concerning such care and custody as it may deem expedient, is that the county court retains the jurisdiction of that subject-matter which it acquired in the divorce proceeding; and a proceeding under that statute will be treated as a further proceeding in the original case, which should be brought forward on the docket.

Of courts having concurrent jurisdiction of the same subject-matter, the one that first acquires jurisdiction retains it to the end, to the exclusion of the others.

Where the father and mother of a minor child were divorced by the county court for the fault of the mother, but with no order as to the custody of the child, notwithstanding that a judgment, rendered in a habeas corpus proceeding subsequently brought before a judge of the Supreme Court, took the custody of the child from the mother and gave it to the father, and ordered that "these proceedings shall stand open for such further action as may hereafter be adjudged by this Court to be right and proper in relation to the custody of said minor," said county court had jurisdiction of a petition thereafter brought, under V. S. 2698, by the mother against the father to obtain the custody of the child.

It is not decided whether, on such habeas corpus proceedings, a judge of the Supreme Court has concurrent jurisdiction with the county court of the custody of the minor child.

PETITION by one divorced parent against the other for custody of their minor child. Trial by court at the June Term, 1906, Lamoille County, Powers, J., presiding. Judgment awarding the custody of the child to the petitioner. The petitionee excepted. The petitionee filed a plea to the jurisdiction of the court, relying upon the pendency of the same subject-matter before a judge of the Supreme Court on habeas corpus proceeding. To this plea the petitioner demurred. Demurrer sustained, and plea adjudged insufficient, to which the petitionee excepted. Exception ordered to lie, and trial

had on the merits. The judgment in the habeas corpus case awarded the custody of the child to the petitionee herein, and concluded as follows: "And finally, it is ordered that these proceedings shall stand open for such further action as may hereafter be adjudged by this court to be right and proper in relation to the custody of said minor." The petition is dated April 27, 1906. It appeared that no further proceedings were had or orders made in the habeas corpus case after said judgment therein was rendered. At the trial of this case the judgment in the habeas corpus case was treated as *res adjudicata* as to all that transpired before the date of the final hearing therein. The petitioner and the petitionee were divorced upon the petition of the latter, and no order was made as to the custody of their child.

*J. W. Redmond* for the petitionee.

The judge of the Supreme Court has full jurisdiction of the subject-matter of this suit on the habeas corpus proceeding which is still pending before him. *In re Barry*, 42 Fed. 113; *Green* v. *Campbell*, 26 Am. St. Rep. 843, 25 Cent. Dig. Column 1027, §84; Hochheimer, Custody of Infants, §§61, 62.

Hence the county court had no jurisdiction, for of two courts having concurrent jurisdiction that one which first acquires jurisdiction retains it to the end, to the exclusion of the other. *State, Use of, etc.* v. *Delley et al.*, 1 Atl. 612; *Wright* v. *Williams*, 48 Atl. 397; *Thomas* v. *Adams Ex. Co.*, 39 Atl. 1014; *State* v. *Fredlock*, 94 Am. St. Rep. 932; *Ewing* v. *Malleson*, 93 Am. St. Rep. 299; *Leigh* v. *Green*, 89 Am. St. Rep. 751; *Reisner* v. *R. R. Co.*, 59 Am. St. Rep. 84; 29 Am. St. Rep. 310; *Stearns* v. *Stearns*, 16 Mass. 167.

*Clarence H. Senter* for the petitioner.

WATSON, J. The petition alleges among other things that the petitionee and the petitioner were formerly husband and wife; that as the fruit of this union Blanche McFarland was born unto them and is now fifteen years of age; that a bill of divorce was granted to the petitionee by the county court within and for the county of Lamoille, and the custody of the minor child was given to the petitionee, but that the child always lived with and was supported by the petitioner until the twenty-first day of March, 1905, when a writ of habeas corpus was issued, and upon hearing the custody was given to the petitionee. These allegations are not denied by the plea in abatement, hence they stand admitted. The plea sets forth in substance that habeas corpus proceedings were brought before a judge of the Supreme Court to determine the same questions involved in this case, a hearing had and a judgment rendered therein, and that by said judgment those proceedings are still pending before said judge with full and complete jurisdiction in the premises, etc.

This plea was properly adjudged insufficient on demurrer. The court by which the divorce was granted, at the time of granting it, had the power to make such order or decree concerning the care, custody and maintenance of the minor child as the circumstances required, and by statute it retained jurisdiction of this subject-matter and could at any time thereafter, on petition of either party, annul, vary or modify the order so made, or make such other or further decree respecting the care, custody and maintenance of the child as it might deem expedient. V. S. 2698. A petition for this purpose, even though it be not in terms so made, will be treated as a further proceeding in the case in which the divorce was granted, and that cause should be brought forward on the docket. *Andrew* v. *Andrew,* 62 Vt. 495, 20 Atl. 817.

Since the county court for Lamoille county had and retained jurisdiction of the subject-matter for such purpose, its jurisdiction could neither be superseded nor taken away by subsequent habeas corpus proceedings before a judge of the Supreme Court.

It is urged that a judge in such proceedings has concurrent jurisdiction with the county court of questions respecting the care and custody of minor children. If this be true,—a question we do not decide,—it will not avail the petitionee in this case; for it is a well established rule that in cases of concurrent jurisdiction the court first acquiring it will retain it to the end, to the exclusion of other tribunals. *Bank of Bellows Falls* v. *The Rutland and Burlington R. R. Co.*, 28 Vt. 470.

*Judgment affirmed.*