MARTIN SINGER, PROSECUTOR, v. THE FIRST CRIMINAL COURT OF THE CITY OF NEWARK ET AL.

Argued November 8, 1909—Decided February 21, 1910.

1. A municipal corporation cannot under color of the licensing power confer the right to violate the Sunday provisions of the Vice and Immorality act.
2. A conviction and fine for transacting business without a municipal license cannot be sustained in cases where such license if granted would have conferred no right to transact such business because of a statutory prohibition.

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutor, *Riker & Riker.*

For the defendants, *Herbert Boggs.*

The opinion of the court was delivered by

PARKER, J.   The amended record brought up by this writ, and which the parties desire to have considered as the true record in the case, shows that prosecutor was convicted before the First Criminal Court of Newark of a violation of section 435 of the revised ordinances of that city, in that on the 26th day of September, 1909, he "did show forth, exhibit, or present at a certain place in the city of Newark, to wit, &c., for a price, gain or reward, a certain show or exhibition   *   *   * of moving photographs or pictures without having first obtained a permit for that purpose from the mayor and common council of the city of Newark." The fine prescribed in said section was imposed. The allegations of the complaint were substantiated by evidence, and there is no question but that the section cited forbids the presentation of moving picture shows without permit being obtained. The prosecutor attacks the conviction on several grounds, but we think the case is sufficiently disposed of on the broad ground that as the 26th day of September was a Sunday, a fact of which we take judicial notice, and as the act for suppressing vice and immorality (*Gen. Stat., p.* 3707, § 1) forbids all worldly employment or business   *   *   *   interludes or plays   *   *   * sports, pastimes or diversions   *   *   *   on Sunday, under certain penalties therein prescribed, it was incompetent for the city of Newark to legalize the acts in question on a Sunday under the guise of a licensed occupation; and hence there could be no right to impose any penalty other than that provided in the statute for the acts complained of. The necessary effect of enforcing the collection of license fees by a prosecution under the ordinance for producing a Sunday show without obtaining a license therefor and paying the fee, would be to legalize under color of a municipal ordinance an act which is expressly forbidden by general statute. The case is not like those that were discussed by the Supreme Court of the United States in the *License Tax cases,* 5 *Wall.* 462. In those cases there was a federal tax imposed for revenue on the business of liquor dealers and of selling lottery tickets. The court held that the Internal Revenue Tax law was never

intended to legalize any occupation prohibited by state law, and indeed, the statute so declared. Hence there was no federal regulation of the business except so far as incidental to the exercise of the power of taxation. But in the case at bar the element of regulation is conspicuously present, as an examination of chapter 30 of the ordinances, including sections 434 to 441, inclusive, will demonstrate. Section 440 provides for revocation of any permit or license for shows or exhibitions whenever in the judgment of the committee on licenses it is necessary for the furtherance of decency and good order; and section 441 provides for prosecution of permit holders who suffer their places of amusement to become disorderly. A municipal license does not authorize the licensee to pursue his business in violation of the criminal laws of the state. *25 Cyc.* 624; *21 Am. & Eng. Encycl. L.* (*2d ed.*) 785; *State* v. *Lindsay,* 34 *Ark.* 372; *Port Clinton* v. *Shafer,* 5 *Pa. Dist.* 586; *San Antonio* v. *Schneider,* 37 *S. W. Rep.* (*Tex.*) 767; and the Vice and Immorality act is essentially criminal in character.

So far, therefore, as the ordinance in question undertakes to authorize the production of Sunday shows by providing for permits and license fees, it is invalid, and as no right to produce such shows would be conferred by its observance, it naturally follows that no penalty for its non-observance may be enforced in such case.

The conviction will therefore be set aside, with costs.