STATE *v.* MARY MONTE.

October Term, 1916.

Present: MUNSON, C. J., HASELTON, POWERS and TAYLOR, JJ.

Opinion filed November 10, 1916.

*Keeping Intoxicating Liquor with Intent to Sell or Furnish—*
    *Sufficiency of Complaint—Point not Raised in Lower Court*
    *—New Point First Raised after Argument.*

Under P. S. 5204, the crime of keeping intoxicating liquor with intent
    to sell or furnish, relates only to persons who have not procured
    a license. A licensee, whose license has been forfeited or sus-
    pended commits no crime unless he actually sells or furnishes.

In a criminal complaint under a statute, a negative averment may be
    in the words of the statute, or in words of equivalent meaning.
    Any negative in general terms covering the entire subject-matter
    will suffice; but it must be as broad as the provision to which it
    applies.

Where a complaint, under P. S. 5204, alleges that the respondent kept
    intoxicating liquor with intent to sell "without authority so to do",
    this phrase is the legal equivalent of the phrase "without first
    procuring a license", and the complaint is sufficient.

The Supreme Court does not, even in criminal cases, consider ques-
    tions not raised in the court below.

A respondent will not be allowed to make an entirely new point, after
    argument in Supreme Court, under the guise of a "reply brief",
    because this would be in effect granting a reargument to enable
    counsel to present a new question.

COMPLAINT for keeping intoxicating liquor, under P. S.
5204, brought to the Montpelier City Court. Plea, not guilty.
Trial by the court. *Harvey,* Judge. Judgment, guilty. The re-
spondent thereupon moved in arrest of judgment. Motion over-
ruled. Respondent excepted. The opinion states the case.

*Theriault & Hunt* for the respondent.

*Fred E. Gleason,* State's Attorney, for the State.

POWERS, J.   This respondent, having been convicted of keeping intoxicating liquor with intent to sell or furnish the same illegally, moved in arrest of judgment for insufficiency of the complaint, and brings her case here on an exception taken when that motion was overruled.

P. S. 5204, so far as need here be stated, provides that ''a person who * * * keeps with intent to furnish or sell, intoxicating liquors, without first procuring a license, or a licensee who furnishes or sells such liquors after his license has been forfeited or during a suspension of its operation'' shall be punished as therein provided.

The complaint which furnishes the predicate of this conviction charges that the respondent, at a time and place specified, did, ''without authority so to do, keep with intent to sell and furnish intoxicating liquor, contrary,'' etc.

From the language of the statute it appears that the crime of keeping with intent to sell or furnish relates only to persons who have not procured a license.   A licensee whose license has been forfeited or suspended commits no offence under this statute unless he actually sells or furnishes.

So far, then, as here involved, the statute creates but one offence, and applies only to one class of persons; and the only question for our determination is the one argued,—are the words ''without authority so to do'' a sufficient allegation that the respondent kept the liquor ''without first procuring a license?''

All agree that the governing rule is correctly stated in *State* v. *Scampini*, 77 Vt. 92, 59 Atl. 201, as follows:  ''A negative averment may be in the words of the statute, or it may be in words of equivalent meaning.   Any negative in general terms covering the entire substance of the matter will suffice; but it must be as broad as the provision to which it applies.''

So the test is does this negation cover the ''entire substance of the matter?''   Is it ''as broad as the provision to which it relates?''

We think the language of the complaint answers the requirements of the rule.   The phrase ''without authority so to do,''—obviously meaning without lawful authority so to do,—is, in the section named, the legal equivalent of the phrase ''without first procuring a license.''   The only possible way that this respondent could obtain lawful authority to keep this liquor as

charged was to first procure a license. Without that, her keeping with intent to sell or furnish was necessarily and inevitably criminal. If the facts alleged are true, there is no supposable condition under which she could be innocent.

The respondent was appraised with such reasonable certainty of the cause and nature of the accusation as to enable her intelligently to prepare her defence, and to avail herself of a conviction or acquittal as a protection should she subsequently be accused on the same grounds, and none of her constitutional rights were infringed.

The foregoing views are predicated upon the assumption that the complaint before us is brought under P. S. 5204. After the case was argued, the respondent filed what she is pleased to denominate a "reply brief." The name is, however, a misnomer since an entirely new ground of objection to the complaint is therein presented.

The new brief calls attention to various other sections of the liquor law under which one who keeps intoxicants with intent illegally to sell or dispose of them may be proceeded against and punished; and the point is made that this complaint does not sufficiently specify which of these sections it is brought under, with the result that the respondent cannot tell which of these offences she is charged with, and the court cannot say under which section she is to be sentenced.

It is the established rule of this Court that it does not, even in criminal cases, consider questions not raised in the court below. *State* v. *Preston,* 48 Vt. 12; *State* v. *Schoolcraft,* 72 Vt. 223, 47 Atl. 786; *State* v. *Sargood,* 80 Vt. 415, 68 Atl. 49, 130 Am. St. Rep. 995, 13 Ann. Cas. 367. Whether, as suggested in the case first cited, it is necessary for the record to show affirmatively that the point was not made below in order to preclude its consideration here, or is enough if it fails to show that the point was there raised, we need not now consider, as it sufficiently appears that the point referred to is now, for the first time, made.

The bill of exceptions states that the complaint is "for keeping intoxicating liquor under section 5204 of the Public Statutes." The respondent's main brief states that it is "a grand juror's complaint for keeping intoxicating liquor under P. S. 5204." The whole argument before us was based upon the assumption that the only question was the sufficiency of the

complaint under that section. Therefore, under the cases cited, this new point is not for consideration.

Moreover, this point is here made after the argument was closed. To allow an entirely new point to be thereafter made under the guise of a "reply brief" would be in effect granting a re-argument to enable counsel to present a new question,— which is contrary to our rule. See *Van Dyke* v. *Cole,* 81 Vt. at page 399, 70 Atl. 593, 1103.

It may not be amiss to suggest, however, that if this point had seasonably been made, it would have merited very careful consideration.

*There is no error and the respondent takes nothing. Let execution be done.*