STATE *v.* ADALGISA VILLA.

November Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 11, 1918.

*Criminal Law—Pleading—Sufficiency of Information.*

The language of Chap. 1, Art. 10 of the Vermont Constitution, that "in all prosecutions for criminal offences, a person hath a right to demand the cause and nature of his accusation" does not mean that it is necessary for the accused to make actual demand for the information, but only that he is entitled to be informed of the nature of the charge brought against him.

The description of the offence charged against an accused must be found in the complaint or other form of accusation, unaided by extrinsic facts; and a legally inadequate complaint cannot be made sufficient by a specification or bill of particulars.

A criminal complaint sufficiently states the nature of the offence charged when it sets it forth with such particularity as will reasonably indicate the exact offence, and will enable the accused to make intelligent preparation for the defence, and if the trial goes against

him, to plead his conviction in a subsequent prosecution for the same offence.

A complaint charging that respondent did "sell intoxicating liquor without authority" is bad on motion in arrest of judgment, under the provisions of Chap. 1, Art. 10 of the Vermont Constitution, as well as under common law, because it may apply to one of several definite offences without specifying which, and therefore does not sufficiently inform the accused of the particular offence charged.

The legislature cannot legalize a form of criminal complaint which fails to meet the requirements of Chap. 1, Art. 10 of the Vermont Constitution.

COMPLAINT, charging that the respondent did "sell intoxicating liquor without authority." Plea not guilty. Trial by jury in the city court of the city of Barre, *H. William Scott*, Judge. Verdict guilty. After verdict and before sentence the respondent moved in arrest of judgment for that the complaint was uncertain, insufficient and indefinite and did not legally inform her of the causes and nature of the accusation against her. Motion overruled. Respondent excepted. The opinion states the case.

*Richard A. Hoar* for respondent.

*Earle R. Davis*, State's Attorney, for the State.

POWERS, J. This respondent was tried in the city court of Barre for illegal liquor selling. The jury returned a verdict of guilty, and she moved in arrest on the ground that the complaint was too uncertain to support a judgment. The motion was overruled and an exception saved.

The complaint charges that the respondent at a time and place named, did "sell intoxicating liquor without authority," contrary to the statute and against the peace—without further particulars or description.

It is provided in Chap. 1, Art. 10, of the Constitution of our State that "in all prosecutions for criminal offences, a person hath a right to demand the cause and nature of his accusation."

From this form of expression it is not to be inferred that it is necessary for the accused to make any actual demand for this

information, for it means no more than corresponding clauses found in the constitutions of some of the states to the effect that the accused is entitled to be informed of the nature of the charge brought against him. Such information must be found in the complaint or other form of accusation to which he is called upon to plead, unaided by extrinsic facts. If this be legally inadequate, it cannot be made sufficient by a specification or bill of particulars, even. *State* v. *Van Pelt,* 136 N. C. 633, 49 S. E. 177, 68 L. R. A. 700, 1 Ann. Cas. 495; *Com.* v. *B. & O. R. Co.,* 223 Pa. 23, 72 Atl. 278, 132 A. S. R. 723; *U. S.* v. *Cruickshank,* 92 U. S. 542, 23 L. ed. 588. Reasonable certainty in the statement of the crime suffices. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offence the accused is charged with, and will enable him to make intelligent preparation for his defence, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offence. *State* v. *Webber,* 78 Vt. 463, 62 Atl. 1018. A complaint which may apply to one of several definite offences without specifying which, was fatally defective at common law. 1 Whart. Cr. L., Par. 294; *State* v. *Shadroi,* 89 Vt. 520, 96 Atl. 8. It is equally defective under this constitutional requirement. The complaint before us breaks down when tested by this rule. There are several different ways in which one can be guilty of selling intoxicants illegally, each of which amounts to a distinct statutory offence, requiring different evidence to sustain or defend it. For instance, P. S. 5140 makes it a crime to sell intoxicating liquors at wholesale without a license therefor. Section 5141 makes it a crime for a licensee of the fourth class to sell unapproved or adulterated liquors. Section 5204 makes selling intoxicants without a license a crime; and the same section forbids selling by a licensee while his license is suspended or forfeited. Section 5208 makes it criminal for a licensee to sell on credit or by way of barter. Section 5209 makes it a crime for a licensee of the fifth class to sell liquor to be drunk on the premises, while 5215 covers all sales in violation of the statute not otherwise provided for. These offences are separate and distinct, each carrying its own penalty, differing materially from the others or some of them. In these circumstances it cannot be said that the respondent is sufficiently informed of the particular offence with which she stands charged.

The State insists that this complaint is sufficient because it is drawn in accordance with a form prescribed by statute. But this argument will not avail. The complaint is so defective that it fails to meet the requirements of the Constitution and therefore the attempt of the Legislature to legalize it necessarily goes for nothing. *State* v. *Webber, supra.* The decisions of this Court upholding this form of complaint are not applicable in view of present statutory provisions.

The danger of using this statutory form in these cases was brought to our attention in *State* v. *Monte,* 90 Vt. 566, 99 Atl. 264, and while the point was made too late to be availing in that case, we took occasion to close the opinion with a broad hint of what the result of such use might be.

The defect is fundamental, it appears on the face of the record, and the motion must be sustained.

*The judgment overruling the motion is reversed, the motion is sustained, judgment is arrested, and the respondent is discharged.*