STATE *v.* JAMES ROMANO.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 8, 1928.

*Charles E. Novak* and *Lawrence, Stafford & Bloomer* for the respondent.

*Robert R. Twitchell,* State's attorney, for the State.

SLACK, J. The respondent stands convicted of a violation of our statute which prohibits the sale or distribution of intoxicating liquor. The information contains two counts. The first charges that the respondent at a time and place specified "did sell intoxicating liquor to one John C. Winters without authority of law so to 'do contrary to the form, force and effect of the statute," etc. The second count is like the first except it charges a furnishing instead of a sale. After verdict and before judgment the respondent moved in arrest of judgment for that the information was uncertain, insufficient, and indefinite,

and did not legally inform him of the nature of the charge against him. The motion was overruled to which respondent excepted.

The case was submitted on briefs, so we have no knowledge respecting the claimed shortage in the information, now relied upon, beyond what therein appears, which is, in substance, that the place where the alleged offense was committed is not definitely stated, that the quantity of liquor alleged to have been sold or furnished is not stated, and that "there is no allegation which acquaints the respondent with the charge he has to meet."

■ The first two grounds relied upon require little attention. The offense is alleged to have been committed "at Windsor in the county of Windsor." That this constitutes a sufficient allegation of place is too well established to require a citation of authorities; but see *State* v. *Paige,* 78 Vt. 286, 62 Atl. 1017, 6 Ann. Cas. 725, and *State* v. *Suiter,* 78 Vt. 391, 63 Atl. 182.

■ Under the present law which prohibits the sale or furnishing of intoxicating liquor regardless of quantity, the quantity need not be alleged nor necessarily proved.

■ As we understand respondent's brief, *State* v. *Villa,* 92 Vt. 121, 102 Atl. 935, and *State* v. *Elliott,* 93 Vt. 449, 113 Atl. 283, which are the only cases cited by him, are relied upon in support of the claim that the information does not sufficiently apprise him of the offense charged. All that is said respecting those cases is that they establish the fact that an information like the one before us is defective. Those cases are not decisive of this. They arose under our so-called local option law, which although permitting the sale of intoxicants by licensees contained many restrictions and prohibitions respecting sales by them. For instance, it was an offense to sell intoxicants at wholesale without a special license therefor (G. L. 6492); for a licensee of the fourth class to sell unapproved or adulterated liquor (G. L. 6493); for a licensee to sell on credit or by way of barter (G. L. 6563), and for a licensee of the fifth class to sell liquor to be drunk on the premises (G. L. 6564). So, too, it was an offense for anyone to sell intoxicants without a license (G. L. 6558). Such being the situation, it is obvious that the mere charge of selling intoxicating liquor without authority did not sufficiently apprise a respondent of the offense he was called

56

upon to meet. It might be either of those enumerated, and he had no means of ascertaining which. This difficulty does not exist, however, under our present statute. Section 4, Act No. 204, Laws 1921, provides: "A person shall not manufacture, sell, barter, transport, import, export, deliver, prescribe, furnish or possess any intoxicating liquor except as authorized by this act," etc., or, in certain instances, by the laws of the United States.

Under the latter statute every sale or furnishing of intoxicating liquor constitutes an offense regardless by whom made or under what circumstances, unless such act falls within one of the exceptions mentioned in the statute. Since this is so, and since said exceptions are not such as need be negatived in the information (*State* v. *Hodgdon*, 41 Vt. 139; *State* v. *McCaffrey*, 69 Vt. 85, 37 Atl. 234; *State* v. *Bevins*, 70 Vt. 574, 41 Atl. 655; *State* v. *Paige*, 78 Vt. 286, 62 Atl. 1017, 6 Ann. Cas. 725), it is not apparent why the information is not sufficient. When construed with our present statute in mind, it charges the offense with the same degree of certainty and particularity which has been recognized as sufficient from time immemorial in informations for assault and battery, rape, adultery, etc. No more is required.

*Judgment that there is no error in the proceedings and respondent takes nothing by his exceptions. Let execution be done.*